# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ARNOLD R. ANDERSON, JR.,

    Plaintiff,

v.

SHERIFF JEFF LAWLESS, et al.,

    Defendants.

Case No. 1:18-cv-380

Barrett, J.
Bowman, M.J.

## MEMORANDUM OPINION AND ORDER

This pro se prisoner civil rights case was initially filed by Plaintiff in Columbus, where venue was improper. The case was subsequently transferred to this Court pursuant to the unopposed motion of the Defendants, where it was referred to the undersigned magistrate judge. (Docs. 14, 18, 19); *see also generally* 28 U.S.C. § 636(b). Currently pending are three motions: (1) Plaintiff's second motion for the appointment of counsel; (2) Plaintiff's motion to compel Defendants to produce additional discovery; and (3) Defendant's motion to exclude an affidavit filed by Plaintiff. For the reasons that follow, Plaintiff's motion for counsel will be denied, and the remaining two motions will be denied in part and granted in part.

    **I.**    **Background**

During the brief time in which the case remained pending in the Eastern Division of this Court, the Court screened Plaintiff's claims under 28 U.S.C. § 1915A. (Docs. 6, 8). Some claims and defendants were dismissed, but the Court permitted an Eighth Amendment claim and a First Amendment retaliation claim to proceed against three Defendants in their individual capacities. Both claims arose during a period of time in

which Plaintiff was held in the custody of the Lawrence County, Ohio, Sheriff's Department at the Lawrence County Jail ("LCJ").

Plaintiff's Eighth Amendment claim is based upon his allegation that on December 6, 2016, he was using the telephone when he and Officer Hatfield became embroiled in a shouting match. Plaintiff states that between December 6 and December 7, Defendants Hatfield, Spoljarik, and Akers responded with an excessive use of force. (*See generally* Doc. 6 at 2-6, citing complaint at 9-13). The First Amendment claim is based upon Plaintiff's allegations that in retaliation for Plaintiff's use of LCJ's grievance system, Defendant Spoljarik slammed a door against his head and caused Plaintiff to be thrown to the ground while strapped in a restraining chair. (Doc. 6 at 9, citing complaint at 11).

## II.  Plaintiff's Motion for Counsel and Motion to Compel Discovery

### A.  Motion for the Appointment of Counsel (Doc. 28)

Plaintiff's second motion for the appointment of counsel is based upon Plaintiff's allegedly "ineffective" attempts to obtain discovery from defense counsel, as well as Plaintiff's assertion that Defendants have been "uncooperative" in responding to his written discovery requests. (Doc. 28). In a response in opposition to this motion, Defendants deny being "uncooperative" in discovery.

The parties' discovery dispute is addressed below. However, Plaintiff's second motion for the appointment of counsel will be denied on the same grounds stated for the denial of his first motion for the appointment of counsel. There is no constitutional right to the appointment of counsel in any civil case, and such appointments are made in only "exceptional circumstances," present in the rarest of cases. *See Lavado v. Keohane*, 992 F.3d 601, 606 (6th Cir. 1993). Based upon the extremely limited availability of

experienced counsel willing to serve *pro bono* in such cases and the high frequency with which counsel is sought by pro se prisoner plaintiffs, motions seeking the appointment of counsel are routinely denied at the preliminary phases of litigation. Denial of Plaintiff's second motion in this case is particularly well-founded, given his clearly demonstrated abilities to articulate his claims and to file multiple motions on his own behalf. Until and unless a trial date is set, Plaintiff is forewarned that additional motions seeking the appointment of counsel are likely to be summarily denied.

### B. Motion to Compel Further Production of Documents (Doc. 33)

#### 1. Failure to Comply with Procedural Requirements

On July 23, 2018, Plaintiff filed a "motion for discovery" which was stricken by this Court as an improperly filed discovery request. In his more recently filed motion to compel discovery, Plaintiff complains that the documents he has received from Defendants are only a "partial production of documents." (Doc. 33).

Under Local Rule 37.1 and Rule 37 of the Federal Rules of Civil Procedure, a party is required to exhaust all extrajudicial efforts to resolve a discovery dispute with an opposing party *prior to* filing any discovery-related motion. Any motion that is filed should contain a certification that details those efforts. *See* Rule 37(a)(1). Plaintiff's motion fails to comply with this procedural requirement, and could be denied on that basis. However, Defendants have fully responded to Plaintiff's motion on the merits. The parties' memoranda confirm that they are at an impasse and unable to resolve their dispute. Therefore, in the interests of judicial economy, <u>and on this one occasion</u>, the undersigned will address Plaintiff's motion to compel on its merits without mandating full compliance with the procedural rule.

3

## 2. Plaintiff's Motion to Compel is Denied in Part

In his motion, Plaintiff complains about the timing of Defendants' production of discovery responses, and asserts that two different documents, each comprised of three pages, are missing the last page. Plaintiff also seeks copies of any incident reports filed by two of the defendants over a three-year period of time, any documentation (unlimited to time) in which the Defendants allege that they were assaulted by any arrestee or inmate, and the "job title" of Defendants both on the date of the incident, and as of December 22, 2018.

In a response in opposition to the motion, Defendants explain the reasons for the perceived delay in Plaintiff's receipt of their discovery responses, which the undersigned accepts.[1] Defendants deny that they made only a "partial" production, or that pages of the two referenced documents were missing. In support of the latter statement, Defendants have attached the allegedly "missing" pages to their responsive memorandum as exhibits. (*See* Doc. 34-2, 34-3). In a reply memorandum, Plaintiff admits that he may have "inadvertently" represented that the pages were missing from the earlier production. (Doc. 39). The undersigned accepts the Plaintiff's representation that that any error was inadvertent, while finding no basis to compel further production of the two referenced exhibits.

The undersigned also declines to compel the further production of incident reports that relate to the Defendants over three-year period or other documents relating to other inmates (not Plaintiff) or not related to the events of December 6-7, 2016. "The proponent

---

[1] Defendants also filed two separate Notices to reflect when they served copies of additional discovery responses. (Docs. 35, 40).

of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Furay v. Lvnv Funding, LLC*, 2013 WL 12123867 at *1 (S.D. Ohio Aug. 5, 2013) (internal quotation marks and additional citations omitted). Plaintiff's request for documents relating to other inmates or time periods do not appear relevant to this litigation.

In addition to seeking irrelevant records, Defendants state that the county jail records "are not maintained by the officer's name or by the charge(s) [but instead]… are kept by the inmate's name." (Doc. 34 at 4). Therefore, the requests are overly broad and compelling a response would impose an undue burden on Defendants. Other courts evaluating similar requests by prisoner plaintiffs have denied such requests both on the grounds of relevance, and because responding to such requests is overly burdensome. *See generally*, *Williamson v. Hass*, 2014 WL 1652188 at *1 (E.D. Mich. Apr. 24, 2014) (rejecting request for copies of grievances filed by other inmates against same defendants); *Ammons v. Bell*, 2008 WL 426507 at * 2 (W.D. Tenn. Feb. 14, 2008) (same).

As for the job titles that Plaintiff seeks in his motion to compel, Defendants represent that no such information was previously sought in the discovery requests with which they were served. Nevertheless, Defendants state that "all three Defendants, at the time of the alleged incident, were corrections officers. Hatfield is now a road deputy, Spoljaric is still a corrections officer, and Akers is no longer employed with the Lawrence County Sheriff's Office." (Doc. 34). In light of counsel's statements, Plaintiff's motion to compel any further information concerning job titles is moot.

Last, Plaintiff raises a new concern in his reply memorandum about what he believes to be a missing page to an apparently unsigned letter from another inmate. (Doc.

39-1 at 6-7). According to Plaintiff, the letter provides a near-contemporaneous account of the events in question by the unidentified inmate. Plaintiff hypothesizes that the inmate's signature likely appears on the (presumed) missing third page. The undersigned agrees that the letter appears to be incomplete, but considering that this is a <u>new</u> issue not referenced in the original motion to compel, declines to order further production at this time. Rather, the undersigned remains confident in the ability of both parties to resolve this minor issue extrajudicially.

### 3. A Portion of Plaintiff's Motion is Granted

Plaintiff complains in part in his motion that he has not been provided copies of photographs that allegedly would have documented his injuries in December 2016. In the interests of justice, the undersigned will grant Plaintiff's request for production of any additional photographs, incident reports, or other documents that relate to the claims at issue in this case. Plaintiff has based his motion in part on jail policies that suggest that additional written records including photographs, "chair check" and/or "medical check" logs may exist. Plaintiff argues that photographs either were or should have been taken close in time to the incidents in question in December 2016. If additional records exist, Defendants should produce them. If they do not exist, Defendants shall more fully respond to Plaintiff's discovery requests by clarifying whether such records existed at one time and were not preserved, or were never created.

### III. Defendants' Motion to Exclude Affidavit of Clayton Hill (Doc. 36)

Defendants have moved to exclude the Affidavit of Clayton Hill, which affidavit Plaintiff filed of record on December 31, 2018 as a "discovery document." Based upon alleged improprieties with the form and content of the affidavit, Defendants' motion seeks

to "exclude" the affidavit from the record. A motion to exclude evidence from the trial record is also known as a motion *in limine*. Such motions are typically ruled upon by the trial judge at the outset or during the course of trial. The undersigned declines to rule on Defendants' premature motion at this stage of the litigation. If this case proceeds beyond dispositive motions and is set for trial, both parties may move for the admission or exclusion of evidence at that time.

On the other hand, Plaintiff's filing of the affidavit is equally premature and is procedurally improper. In general, neither discovery responses nor any other type of evidence is to be filed of record except when attached as an exhibit to an appropriate motion (or response to a motion) filed in compliance with the Federal Rules of Civil Procedure. Because the affidavit was filed in a manner that does not comply with applicable rules and is unrelated to any pending motion, the Court will not consider it further. In short, Defendants' motion will be granted to the extent that Defendants seek to exclude consideration of the procedurally improper affidavit at this time.

### IV. Conclusion and Order

Accordingly, **IT IS ORDERED THAT:**

1. Plaintiff's second motion to appoint counsel (Doc. 28) is **DENIED**;

2. Plaintiff's motion to compel additional discovery (Doc. 33) is **GRANTED in part** as follows:

    a. If additional responsive photographs and/or documentary logs exist, Defendants should produce them. If they do not exist, Defendants shall more fully respond to Plaintiff's discovery requests by clarifying whether such records existed at one time and were not preserved, or were never created;

b. All other requests to compel further production are denied;

3. Defendants' motion to exclude the affidavit of Clayton Hill (Doc. 36) is **DENIED in part and GRANTED in part**. The affidavit will not be stricken from the record but the Court will not further consider it for the reasons stated.

					*s/ Stephanie K. Bowman*
					Stephanie K. Bowman
					United States Magistrate Judge